IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1999 SESSION

FILED

May 12, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9803-CC-00133 |
| | ) | |
| | ) | Robertson County |
| V. | ) | |
| | ) | Honorable John H. Gasaway, III, Judge |
| | ) | |
| **VENSON TERRELL TAYLOR,** | ) | (Theft of Property Over $1,000.00) |
| | ) | |
| Appellant. | ) | |

FOR THE DEFENDANT:

JOE R. JOHNSON, II
Law Offices of Larry D. Wilks
506 West Court Square
Springfield, TN 37172

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH H. MARNEY
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

JOHN WESLEY CARNEY, JR.
District Attorney General

DENT MORRIS
Assistant District Attorney General
500 South Main Street
Springfield, TN 37172

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# O P I N I O N

The defendant, Venson Terrell Taylor, was found guilty by jury verdict of theft over one thousand dollars, and the Circuit Court in Robertson County sentenced him to six years in the Tennessee Department of Correction. The trial court denied the defendant's motion for a new trial, and his subsequent appeal to this Court alleges insufficient evidence to support his conviction. We AFFIRM the judgment of the trial court.

## BACKGROUND

The defendant requested employment from Robert Neil Latham, who told the defendant that work might be available in the near future. Later that week, the defendant visited Latham's residence and offered to mow his yard. Latham declined. Several days later, Latham found his residence's front door open. He discovered that several firearms and a water jug containing coins were missing. Latham valued the missing property between $2100 and $2700.

At trial, Latham's neighbor, Ora Lee Jones, testified that the defendant approached her at her residence on the day of the burglary and advised her that he was mowing Latham's yard. Several minutes later, Jones observed a blue car, which had been parked with its trunk facing Latham's front porch, leave Latham's residence. She observed the defendant in the vehicle.

Robertson County Deputy Sheriff Richard Head, after receiving a description of the vehicle, stopped and searched a vehicle driven by Derrick Dunn and occupied by the defendant. A water jug was in the trunk and quarters, some rolled in wrappers, were under the passenger seat where the defendant had been sitting. Dunn directed officers to the missing firearms, which were stored in a building.

2

Dunn pleaded guilty to burglary of Latham's residence and testified at the defendant's trial. According to Dunn, on the day of the burglary the defendant asked him for a ride to Latham's house, where the defendant would be mowing. The defendant advised Dunn that Latham had guns in his residence and asked if Dunn would like to make some money. Dunn backed his vehicle into Latham's driveway and parked the car. The defendant walked to another house, while Dunn entered the residence and exited with the guns and a water jug of coins.

When the defendant returned, the firearms were on the porch. Dunn had already loaded the jug. They wrapped the firearms in plastic, placed them in the trunk, and drove from the residence. Dunn and the defendant later rolled the quarters from the jug into wrappers and placed the rolls in the vehicle.

The defendant testified that he advised Jones that he was at Latham's property. He and Dunn left when Latham's mower would not start. Dunn asked the defendant to help return some property to Dunn's uncle. The defendant testified that he did not recognize this property as firearms, because it was wrapped in plastic. The defendant later helped Dunn roll quarters that the defendant allegedly thought belonged to Dunn's child.

The defendant denied that Latham refused his offer to mow the yard. He further testified that he called Latham regarding the yard, instead of going to the residence. The defendant denied telling Dunn about the guns and knowing that Dunn had burglarized the residence.

The defendant testified that Latham had promised to provide the defendant with a car and nice suits for an imminent job and that he and Latham had ridden in Latham's truck and drank beer, during which time Latham drove by his residence. Latham denied both the alleged promise and the alleged trip.

3

**STANDARD OF REVIEW**

The defendant submits that the evidence was insufficient as a matter of law to sustain his conviction. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This Court grants the appellee the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); see also State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). A guilty verdict also replaces the defendant's presumption of innocence with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). A defendant challenging the sufficiency of the evidence carries the burden of illustrating why the evidence insufficiently supports the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

**ANALYSIS**

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. Theft is "[a] Class D felony if the value of the property . . . obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)." Tenn.

4

Code Ann. § 39-14-105(3). Therefore, this Court must determine if sufficient evidence existed for the trier of fact to conclude that the defendant knowingly obtained or exercised control over Latham's property, that the defendant did not have Latham's effective consent for that dominion, and that the defendant intended to permanently deprive Latham of that property. We find sufficient evidence of each of these elements.

The trial court instructed the jury to determine whether Dunn was an accomplice in the alleged crime. That court further instructed the jury to determine whether sufficient evidence "independently l[ed] to the conclusion that a crime was committed and that the defendant was involved in it." In Tennessee, a felony conviction may not be based solely on the uncorroborated testimony of an accomplice. See State v. Green, 915 S.W.2d 827, 830 (Tenn. Crim. App. 1995). Although the defendant does not explicitly invoke this tenet, his insufficiency of the evidence argument necessarily questions whether the state presented sufficient independent evidence corroborating Dunn's testimony, which constituted a large portion of the state's case.

The evidence showed that Latham's property was taken from his residence and that the defendant was at Latham's residence, with neither Latham's approval nor permission, on the date of the crime. The defendant was in Dunn's vehicle with rolled coins, consistent with the property taken from the residence, under his seat. The required corroborative evidence, which may be worth little if considered on its own, must tend to connect the defendant with the commission of the offense. See McKinney v. State, 552 S.W.2d 787, 789 (Tenn. Crim. App. 1977). The jury determines "the degree of evidence necessary to corroborate the testimony of an accomplice." State v. Billingsley, No. 01C01-9506-CC-00166 (Tenn. Crim. App. filed May 16, 1996, at Nashville). We find no error in the trier of fact's assessing sufficient corroborative evidence in this case.

5

Although Dunn made false statements after his arrest and entered a plea agreement with the state, at least partially in exchange for testimony against the defendant, the trier of fact credited Dunn's testimony.  Further, the trier of fact rejected the defendant's testimony contrary to that of the witnesses against him.  We do not usurp the trier of fact's responsibilities:  that entity determines the credibility of the witnesses and weighs the evidence.  This issue is without merit.

## CONCLUSION

Based on the foregoing, the judgment below is AFFIRMED.


_____
JOHN EVERETT WILLIAMS, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
J. CURWOOD WITT, JR., Judge